**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

SOUTHERN   DISTRICT OF NEW YORK (MANHATTAN DIVISON)

Case number *(if known)* _____   Chapter ___11___

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Simry Realty Corp. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 13-2666062 |

**4.**  **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 114 East 71st Street<br>New York, NY 10021 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| New York | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5.**   **Debtor's website** (URL)   _____

**6.**   **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor    Simry Realty Corp. _____    Case number (*if known*) _____
          Name

**7.    Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____5313____

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.    Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor _____ | | Relationship _____ |
| | District _____ | When _____ | Case number, if known _____ |

**Voluntary Petition for Non-Individuals Filing for Bankruptcy**

| Debtor | Simry Realty Corp. | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50   million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐  $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50   million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 3

Debtor   Simry Realty Corp.                                             Case number (*if known*)
         Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   June 12, 2026
              MM / DD / YYYY

X  /s/   Aileen Haurvi                                    Aileen Haurvi
   Signature of authorized representative of debtor         Printed name

Title   Restructuring Officer

**18. Signature of attorney**

X  /s/ Kevin Nash                                    Date   June 12, 2026
   Signature of attorney for debtor                          MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone _____   Email address   knash@gwfglaw.com

1927656 NY
Bar number and State

**CORPORATE RESOLUTION
OF THE BOARD OF DIRECTORS OF SIMRY REALTY CORP ("SIMRY")
RELATING TO THE COMMENCEMENT OF A CHAPTER 11 CASE**

**WHEREAS**, a special meeting of the undersigned Board of Directors comprised of Arthur Haruvi was held and duly convened on June 11, 2026, at which time the undersigned unanimously passed the following Resolutions:

**WHEREAS**, Simry is an indirect equity holder of residential apartment buildings as more fully set forth on the schedule annexed hereto as Exhibit "A" (each a "Property" and collectively, the "Simry Properties"); and

**WHEREAS**, each of the Simry Properties are encumbered by various senior mortgage loans (collectively, the "Mortgages"); and

**WHEREAS**, the Mortgages matured in or about June of 2024 (the "Maturity Date"); and

**WHEREAS**, Simry's ability to restructure or refinance the Mortgages has been stymied by pending litigation in the Supreme Court, New York County, commenced by a minority non-controlling family shareholder, Michelle Haruvi (daughter of Arthur Haruvi), who initially challenged an internal corporate restructuring and cash buyout of Abraham Haruvi's 50% interest in Simry based upon the alleged lack of a formal shareholder meeting pursuant to Business Corporation Law Section 909 (Index No. 651033/2023), and then Michelle Haruvi filed a second action (Index No. 653903/2025) seeking to enjoin Simry from noticing a shareholders meeting, to proceed with a cash out merger of Michelle Haruvi's minority interest, under Business Corporation Law Section 623; and

**WHEREAS**, Michelle Haruvi filed various notices of pendency against the Simry Properties, which have further impeded the ability of Simry to restructure or refinance the Mortgages, resulting in the commencement of foreclosure and potential forfeiture of significant asset value; and

**WHEREAS**, Michelle Haruvi thereafter moved to intervene in a pending foreclosure action commenced by FS Rialto 2021-FL3 Issuer, Ltd. (Index No. 656113/2025) relating to certain of the Simry Properties to assert derivative standing;

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that in order to preserve and maximize the Simry Properties in the face of litigation commenced by Michelle Haruvi and the resulting foreclosure action, the Board of Directors has determined, exercising its business judgment, that it is in the best interests of Simry and, subsequently, the Simry Properties to file voluntary petitions seeking relief under Chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the filing of such petitions be, and hereby is, authorized in all respects; and it is

**FURTHER RESOLVED,** that Aileen Haruvi is appointed as the Restructuring Officer for Simry and she is authorized (a) to execute the Chapter 11 petition and all other accompanying

1

documents, and cause the same to be filed with the Bankruptcy Court; and (b) to negotiate, execute, verify, file, or cause to be executed, verified, and filed, all necessary documents, including, without limited, all affidavits, schedules, statements, lists, motions, applications, pleadings, and other papers or documents necessary or desirable to facilitate a plan of reorganization and disclosure statement to be filed, and to take any and all other action the Board deems necessary and proper to value and pay-out the minority interest of Michelle Haruvi so as to be in a position to refinance or restructure the Mortgages without undue interference; and it is

**FURTHER RESOLVED,** that Simry is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

**IN WITNESS WHEREOF**, the undersigned hereby consents to and approves and adopts these resolutions as of the date set forth above.

Sole Director

By: _____
Arthur Haruvi

2

## Schedule A

| Company Name | State of Formation | Property Owned |
|---|---|---|
| 1. 309W54 Owner LLC | Delaware | 309 West 54th Street, NY, NY |
| 2. 311W54 Owner LLC | Delaware | 311 West 54th Street, NY, NY |
| 3. 313W54 Owner LLC | Delaware | 313 West 54th Street, NY, NY |
| 4. 315W54 Owner LLC | Delaware | 315 West 54th Street, NY, NY |
| 5. 244W74 Owner LLC | Delaware | 244 West 74th Street, NY, NY |
| 6. 38W75 Owner LLC | Delaware | 38 West 75th Street, NY, NY |
| 7. 54W75 Owner LLC | Delaware | 54 West 75th Street, NY, NY |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In Re:                                                                      Chapter 11

Simry Realty Corp.,                                              Case No.

Debtor.

---------------------------------------------------------x

**DECLARATION OF AILEEN HARUVI**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

Aileen Haruvi declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1.      I am a 17.73% shareholder and officer of Simry Realty Corp. (the "Debtor") and as such, I am fully familiar with the facts and circumstances set forth below.  I respectfully submit this Declaration on behalf of the Debtor pursuant to Local Rule 1007-2 to apprise the Court and creditors of certain background information and the circumstances that have necessitated the commencement of this Chapter 11 case.

**Background**

2.      The Debtor is engaged in a real estate business as an indirect equity holder [along with Jade Venture Partners LLC ("Jade")] of Simry Holding LLC, of seven (7) separate operating subsidiaries as listed in the schedule annexed hereto as Exhibit "A," each owning a multi-family residential property building in Manhattan (collectively, the "Simry Properties").

3.      Simry was originally owned by Arthur Haruvi and with his brother Abe Haurvi as 50%-50% partners.  For estate planning purposes, Arthur Haruvi transferred part of his 50% stock interest to his daughter (Aileen and Michelle) evenly.

4.      In or about 2024, Arthur and his brother Abe negotiated and implemented a corporate reorganization of Simry in conjunction with a cash buy-out of Abe Haruvi's 50% stock

1

interest.    To finance not only the buy-out, but also capital improvements and mortgage refinancing, each of the Simry Properties were transferred into separate purpose entities ("SPE"), indirectly owned by the Debtor (10%) and Jade (90%).

5.    Although there is clear evidence that Michelle was aware of the corporate restructuring and the buy-out of Abe's 50% interest, she commenced litigation against her family seeking to rescind the mortgages due to the alleged lack of a formal shareholders meeting to approve the transaction in accordance with the New York Business Corporation Law (*See, Michelle Haruvi v. Haruvi et al.*, Index No. 651033/2023).

6.    While the trial court initially dismissed Michelle's complaint, that ruling was subsequently reversed on appeal by the Appellate Division, which reinstated the complaint and reversed prior cancelations of Notices of Pendency.

7.    In response to this ruling, Simry noticed and called a special meeting to consider adopting a plan of merger to cash out Michelle's minority interest as permitted under BCL 623. However, Michelle was successful in obtaining a preliminary injunction enjoining the shareholder meeting to consider a merger plan from occurring.    This ruling is on appeal.

8.    To break the stranglehold of protracted state court litigation that unduly interferes with the ability to pursue a mortgage restructuring or refinancing, Simry is seeking Chapter 11 relief (likely in combination with the operating subsidiaries comprising the Simry Properties) to position the Company to obtain a refinancing or restructuring even over the anticipated objections of Michelle as a  minority shareholder.  The Bankruptcy Code allows for financing over dissent so long as Michelle's minority interest is adequately protected, which the Debtor intends to provide.  Indeed, the Debtor intends to remove all of Michelle's pending litigations to

the Bankruptcy Court pursuant to Bankruptcy Rule 9027 as a means to facilitate a fair and equitable valuation process.

9.   In seeking Chapter 11 relief, neither Simry nor the Haruvi family intend to seek to cash out Michelle's minority interest without payment of fair and just consideration based upon a proper valuation determination. However, given the confluence of the foreclosure action, Chapter 11 is believed to be the most effective path forward and will help maximize asset values and end Michelle's reign of undue influence over Simry's corporate affairs.

10.   Complicating the matter further, the Simri Properties are subject to consolidated mortgages relating to the entire Haruvi portfolio consisting of thirty buildings, all cross-collateralized.  The original principal amount of the total mortgage debt is in excess of $183 million as between two lenders, FS CREIT Finance CB-1 LLC and FS Rialto 2021-FL3 Issuer Ltd.  While the mortgages are separately allocated, there are no separate release prices and, thus, the mortgage restructuring or refinancing will likely involve the entire family portfolio.

**Local Rule 1007-2 Disclosures**

11.   Pursuant to Local Rule 1007-2(a)(2) and (3), no committees were formed prior to the filing of the Petitions.

12.   Pursuant to Local Rule 1007-2(a)(4), a list of the names and addresses of all creditors of the Debtor is being filed herewith.  A full set of schedules for the Debtor will be filed within the next two weeks.

13.   Pursuant to Local Rule 1007-2(a)(5), the Lender holds a senior mortgage against certain of the Simry Properties, although Simry itself is not a borrower or guarantor.

14.   Pursuant to Local Rule 1007-2(a)(6), a full set of bankruptcy schedules and statements listing all assets and liabilities for the Debtor will be filed within fourteen days.

3

15.     Pursuant to Local Rule 1007-2(a)(7), a statement of the equity interest holders for the Debtor is filed herewith.

16.     Pursuant to Local Rule 1007-2(a)(8), no receiver or other custodian has been appointed with respect to the Debtor or any of the Simry Properties.

17.     Pursuant to Local Rule 1007-2(a)(9), as noted above, a complete list of all of the Simry Properties is attached as Exhibit "A".

18.     Pursuant to Local Rule 1007-2(a)(10), the Debtor's books and records are maintained in New York City.

19.     Pursuant to Local Rule 1007-2(a)(11), a schedule of pending lawsuits involving the Debtor is attached hereto.

20.     Pursuant to Local Rule 1007-2(a)(11), I am an officer of the Debtor and shall serve in this capacity without compensation.

Dated: New York, NY
       June 12, 2026

/s/ Aileen Haruvi

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                           Chapter 11

Simy Realty Corp.,                               Case No.

                          Debtor.

---------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

| | |
|---|---|
| Abraham Haruvi (subject to proxy held by Arthur) | 50.00% |
| Arthur Haruvi | 14.54% |
| Michelle Haruvi | 17.73% |
| Aileen Haruvi | 17.73% |

Dated:  New York, New York
        June 12, 2026

By:   /s/ Aileen Haruvi
      Name: Aileen Haruvi
      Title:   Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                          Chapter 11

Simry Realty Corp.,                             Case No.

                        Debtor.

-------------------------------------------------------------x

## LIST OF PENDING LITIGATION

1. MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF SIMRY REALTY CORP. V. PETER HUNGERFORD, PH REALTY NY HOLDINGS LLC, ARTHUR HARUVI, ABRAHAM HARUVI, AILEEN HARUVI, GARY PHILLIPS, SHAI SEGEV, 315W54 OWNER LLC, 311W54 OWNER LLC, 309W54 OWNER LLC, 313W54 OWNER LLC, 38W75 OWNER LLC, 244W74 OWNER LLC, 54W75 OWNER LLC, FS CREIT FINANCE HOLDINGS LLC, JOHN AND JANE DOES 1-10, AND SIMRY REALTY CORP.
   Supreme Court, New York County, Index No. 651033/2023

   Attorneys for Plaintiff:
   Joanna A. Diakos, Esq.
   Alexander D. Walsdorf, Esq.
   K&L Gates LLP
   599 Lexington Avenue
   New York, NY 10022

2. MICHELLE HARUVI V. PETER HUNGERFORD, ARTHUR HARUVI, AILEEN HARUVI, ESTHER HARUVI, SIMRY REALTY MERGER CORP., AND SIMRY REALTY CORP.
   Supreme Court, New York County, Index No. 653903/2025

   Attorneys for Plaintiff:
   Joanna A. Diakos, Esq.
   Alexander D. Walsdorf, Esq.
   K&L Gates LLP
   599 Lexington Avenue
   New York, NY 10022

3. FS CREIT FINANCE CB-1 LLC v. ABART HOLDINGS, LLC, HARUVI HOLDINGS LLC, 244W74 OWNER LLC, 1107 FIRST AVE OWNER LLC, 1109 FIRST AVE OWNER LLC, 232W74 OWNER LLC, 236W74 OWNER LLC, 38W75 OWNER LLC, 54W75 OWNER LLC AND OTHERS, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, JOHN DOE NO.1 TO JOHN

DOE NO. 100, MICHELLE HARUVI, DERIVATIVELY ON BEHALF OF SIMRY REALTY CORP., AND SIMRY REALTY CORP.
Supreme Court, New York County, Index No. 656112/2025

Attorneys for Plaintiff:
Michael B. Leeuw, Esq.
Cozen O'Connor
3WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007

Dated:  New York, New York
        June 12, 2026

                                    By:     /s/ Aileen Haruvi
                                            Name: Aileen Haruvi
                                            Title:   Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                              Chapter 11

Simry Realty Corp.,                                                 Case No.

                              Debtor.
-------------------------------------------------------------x

### LOCAL RULE 1007-2 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 1007-2(a)(7), the above

captioned Debtor certifies that it is a private non-governmental party, and has no corporate parent,

affiliates and/or subsidiaries which are publicly held.


Dated:  New York, New York
        June 12, 2026


                                        By:     /s/ Aileen Haruvi
                                                Name: Aileen Haruvi
                                                Title:   Authorized Signatory