UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re:                                                                        Chapter 11

Simry Realty Corp.,                                                   Case No.

                                    Debtor.
---------------------------------------------------------x

**DECLARATION OF AILEEN HARUVI
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

Aileen Haruvi declares the following under penalties of perjury pursuant to 28 U.S.C. §1746:

1.       I am a 17.73% shareholder and officer of Simry Realty Corp. (the "Debtor") and as such, I am fully familiar with the facts and circumstances set forth below.  I respectfully submit this Declaration on behalf of the Debtor pursuant to Local Rule 1007-2 to apprise the Court and creditors of certain background information and the circumstances that have necessitated the commencement of this Chapter 11 case.

**Background**

2.       The Debtor is engaged in a real estate business as an indirect equity holder [along with Jade Venture Partners LLC ("Jade")] of Simry Holding LLC, of seven (7) separate operating subsidiaries as listed in the schedule annexed hereto as Exhibit "A," each owning a multi-family residential property building in Manhattan (collectively, the "Simry Properties").

3.       Simry was originally owned by Arthur Haruvi and with his brother Abe Haurvi as 50%-50% partners.  For estate planning purposes, Arthur Haruvi transferred part of his 50% stock interest to his daughter (Aileen and Michelle) evenly.

4.       In or about 2024, Arthur and his brother Abe negotiated and implemented a corporate reorganization of Simry in conjunction with a cash buy-out of Abe Haruvi's 50% stock

1

interest.    To finance not only the buy-out, but also capital improvements and mortgage refinancing, each of the Simry Properties were transferred into separate purpose entities ("SPE"), indirectly owned by the Debtor (10%) and Jade (90%).

5.      Although there is clear evidence that Michelle was aware of the corporate restructuring and the buy-out of Abe's 50% interest, she commenced litigation against her family seeking to rescind the mortgages due to the alleged lack of a formal shareholders meeting to approve the transaction in accordance with the New York Business Corporation Law (*See, Michelle Haruvi v. Haruvi et al.*, Index No. 651033/2023).

6.      While the trial court initially dismissed Michelle's complaint, that ruling was subsequently reversed on appeal by the Appellate Division, which reinstated the complaint and reversed prior cancelations of Notices of Pendency.

7.      In response to this ruling, Simry noticed and called a special meeting to consider adopting a plan of merger to cash out Michelle's minority interest as permitted under BCL 623. However, Michelle was successful in obtaining a preliminary injunction enjoining the shareholder meeting to consider a merger plan from occurring.  This ruling is on appeal.

8.      To break the stranglehold of protracted state court litigation that unduly interferes with the ability to pursue a mortgage restructuring or refinancing, Simry is seeking Chapter 11 relief (likely in combination with the operating subsidiaries comprising the Simry Properties) to position the Company to obtain a refinancing or restructuring even over the anticipated objections of Michelle as a  minority shareholder.  The Bankruptcy Code allows for financing over dissent so long as Michelle's minority interest is adequately protected, which the Debtor intends to provide.  Indeed, the Debtor intends to remove all of Michelle's pending litigations to

the Bankruptcy Court pursuant to Bankruptcy Rule 9027 as a means to facilitate a fair and equitable valuation process.

9.      In seeking Chapter 11 relief, neither Simry nor the Haruvi family intend to seek to cash out Michelle's minority interest without payment of fair and just consideration based upon a proper valuation determination. However, given the confluence of the foreclosure action, Chapter 11 is believed to be the most effective path forward and will help maximize asset values and end Michelle's reign of undue influence over Simry's corporate affairs.

10.     Complicating the matter further, the Simri Properties are subject to consolidated mortgages relating to the entire Haruvi portfolio consisting of thirty buildings, all cross-collateralized.  The original principal amount of the total mortgage debt is in excess of $183 million as between two lenders, FS CREIT Finance CB-1 LLC and FS Rialto 2021-FL3 Issuer Ltd.  While the mortgages are separately allocated, there are no separate release prices and, thus, the mortgage restructuring or refinancing will likely involve the entire family portfolio.

## Local Rule 1007-2 Disclosures

11.     Pursuant to Local Rule 1007-2(a)(2) and (3), no committees were formed prior to the filing of the Petitions.

12.     Pursuant to Local Rule 1007-2(a)(4), a list of the names and addresses of all creditors of the Debtor is being filed herewith.  A full set of schedules for the Debtor will be filed within the next two weeks.

13.     Pursuant to Local Rule 1007-2(a)(5), the Lender holds a senior mortgage against certain of the Simry Properties, although Simry itself is not a borrower or guarantor.

14.     Pursuant to Local Rule 1007-2(a)(6), a full set of bankruptcy schedules and statements listing all assets and liabilities for the Debtor will be filed within fourteen days.

3

15. Pursuant to Local Rule 1007-2(a)(7), a statement of the equity interest holders for the Debtor is filed herewith.

16. Pursuant to Local Rule 1007-2(a)(8), no receiver or other custodian has been appointed with respect to the Debtor or any of the Simry Properties.

17. Pursuant to Local Rule 1007-2(a)(9), as noted above, a complete list of all of the Simry Properties is attached as Exhibit "A".

18. Pursuant to Local Rule 1007-2(a)(10), the Debtor's books and records are maintained in New York City.

19. Pursuant to Local Rule 1007-2(a)(11), a schedule of pending lawsuits involving the Debtor is attached hereto.

20. Pursuant to Local Rule 1007-2(a)(11), I am an officer of the Debtor and shall serve in this capacity without compensation.

Dated: New York, NY
      June 12, 2026

/s/ Aileen Haruvi

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                           Chapter 11

Simy Realty Corp.,                                               Case No.

                              Debtor.

----------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

| | |
|---|---|
| Abraham Haruvi (subject to proxy held by Arthur) | 50.00% |
| Arthur Haruvi | 14.54% |
| Michelle Haruvi | 17.73% |
| Aileen Haruvi | 17.73% |

Dated:  New York, New York
        June 12, 2026

                                        By:   /s/ Aileen Haruvi
                                              Name: Aileen Haruvi
                                              Title:   Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                          Chapter 11

Simry Realty Corp.,                             Case No.

                        Debtor.

---------------------------------------------------------------x

## LIST OF PENDING LITIGATION

1.  MICHELLE HARUVI, SUING INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF SIMRY REALTY CORP. V. PETER HUNGERFORD, PH REALTY NY HOLDINGS LLC, ARTHUR HARUVI, ABRAHAM HARUVI, AILEEN HARUVI, GARY PHILLIPS, SHAI SEGEV, 315W54 OWNER LLC, 311W54 OWNER LLC, 309W54 OWNER LLC, 313W54 OWNER LLC, 38W75 OWNER LLC, 244W74 OWNER LLC, 54W75 OWNER LLC, FS CREIT FINANCE HOLDINGS LLC, JOHN AND JANE DOES 1-10, AND SIMRY REALTY CORP.
    Supreme Court, New York County, Index No. 651033/2023

    Attorneys for Plaintiff:
    Joanna A. Diakos, Esq.
    Alexander D. Walsdorf, Esq.
    K&L Gates LLP
    599 Lexington Avenue
    New York, NY 10022

2.  MICHELLE HARUVI V. PETER HUNGERFORD, ARTHUR HARUVI, AILEEN HARUVI, ESTHER HARUVI, SIMRY REALTY MERGER CORP., AND SIMRY REALTY CORP.
    Supreme Court, New York County, Index No. 653903/2025

    Attorneys for Plaintiff:
    Joanna A. Diakos, Esq.
    Alexander D. Walsdorf, Esq.
    K&L Gates LLP
    599 Lexington Avenue
    New York, NY 10022

3.  FS CREIT FINANCE CB-1 LLC v. ABART HOLDINGS, LLC, HARUVI HOLDINGS LLC, 244W74 OWNER LLC, 1107 FIRST AVE OWNER LLC, 1109 FIRST AVE OWNER LLC, 232W74 OWNER LLC, 236W74 OWNER LLC, 38W75 OWNER LLC, 54W75 OWNER LLC AND OTHERS, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, JOHN DOE NO.1 TO JOHN

DOE NO. 100, MICHELLE HARUVI, DERIVATIVELY ON BEHALF OF SIMRY REALTY CORP., AND SIMRY REALTY CORP.
Supreme Court, New York County, Index No. 656112/2025

Attorneys for Plaintiff:
Michael B. Leeuw, Esq.
Cozen O'Connor
3WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007

Dated: New York, New York
June 12, 2026

By:     /s/ Aileen Haruvi
Name: Aileen Haruvi
Title:   Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                    Chapter 11

Simry Realty Corp.,                                       Case No.

                          Debtor.

-------------------------------------------------------------x

## <u>LOCAL RULE 1007-2 CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 1007-2(a)(7), the above

captioned Debtor certifies that it is a private non-governmental party, and has no corporate parent,

affiliates and/or subsidiaries which are publicly held.


Dated:  New York, New York
        June 12, 2026


                              By:     /s/ Aileen Haruvi
                                      Name: Aileen Haruvi
                                      Title:   Authorized Signatory