**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Simry Realty Corp., | ) | Case No. 26-11409 (PB) |
| | ) | |
| Debtor. | ) | |

# INTERIM ORDER

Upon (A) the Notice of Motion [ECF No. 12] (the "Dismissal Motion") by Michelle Haruvi ("Michelle") for an order (i) dismissing the bankruptcy case of Simry Realty Corp. (the "Debtor") pursuant to 11 U.S.C. § 1112(b)(1), and (ii) granting related relief; and upon the Declaration of Joanna A. Diakos in support of the Dismissal Motion [ECF No. 13]; and upon Michelle's Memorandum of Law in Support of the Dismissal Motion [ECF No. 14]; and upon the objection by the Debtor to the Dismissal Motion [ECF Nos. 36 and 37] (the "Debtor's Objection to Dismissal Motion"); and upon the objection by Arthur Haruvi, Aileen Haruvi, and Jade Venture Partners LLC (the "Member Objectants") to the Dismissal Motion [ECF No. 39] (the "Member Objectants' Objection to Dismissal Motion"; and together with the Debtor's Objection to the Dismissal Motion, collectively the "Objections to the Dismissal Motion"); and upon Michelle's Consolidated Reply to the Objections to the Dismissal Motion [ECF No. 43] ("Michelle's Reply to the Objections to the Dismissal Motion"); and upon the Statement by FS Rialto 2021-FLS Issuer, Ltd. and FS Creit Finance Holdings LLC to the Dismissal Motion [ECF No. 47] (the "Rialto Statement"); and upon the Debtor's Supplement Concerning Status of the Anticipated Filing of the SPE Chapter 11 Cases [ECF No. 50] ("Debtor's Supplement"); and upon (B) the Notice of Motion [ECF No. 15] (the "Remand Motion") by Michelle for an order (i) pursuant to 28 U.S.C. §§ 1334(c)(1), 1334(c)(2), and 1452(b), and Fed. R. Bankr. P. 9027(d), abstaining from hearing

the action styled *Michelle Haruvi v. Peter Hungerford*, *et al.*, pending in the Commercial Division of the Supreme Court of New York, New York County (the "State Court"), Index No. 651033/2023 (the "Derivative Action") and remanding the Derivative Action to State Court; (ii) pursuant to 11 U.S.C. § 362(d)(1), granting relief from the automatic stay, for cause, to permit Michelle's continued prosecution of the Derivative Action and a related State Court injunction action styled *Michelle Haruvi, et al. v. Hungerford*, pending in the State Court Index No. 653903/2025 (the "Injunction Action"); and upon the Declaration of Joanna A. Diakos in Support of the Remand Motion [ECF No. 16]; and upon Michelle's Memorandum of Law in Support of the Remand Motion [ECF No. 17]; and upon the Debtor's objection to the Remand Motion [ECF No. 38] (the "Debtor's Objection to the Remand Motion"); and upon the Member Objectants' objection to the Remand Motion [ECF No. 40] (the "Member Objectants' Objection to the Remand Motion"; together with the Debtor's Objection to the Remand Motion, collectively, the "Objections to the Remand Motion"); and upon Michelle's Consolidated Reply to the Objections to the Remand Motion [ECF No. 44] ("Michelle's Reply to the Objections to the Remand Motion"); and due and adequate notice of the Dismissal Motion and the Remand Motion having been given under the circumstances and no other or further notice need be given; and the Court having held a hearing on August 20, 2026 to consider the Dismissal Motion and the Remand Motion; and after due deliberation, and good and sufficient cause appearing therefor,

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that to the extent that the Debor wishes this Court to consider the impact of any bankruptcy filing of 309W54 Owner LLC, 311W54 Owner LLC, 313W54 Owner LLC, 315W54 Owner LLC, 244W74 Owner LLC, 38W75 Owner LLC, and 54W75 Owner LLC (collectively the "SPEs") in connection with the Dismissal Motion and/or the Remand Motion, the

SPEs must file with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), no later than **August 31, 2026**, (i) their own respective bankruptcy petitions (and designate each such case as a case related to the Debtor's case), and (ii) copies of all loan/mortgage modification agreements (in their entireties and with all exhibits thereto) regarding the Simry Realty Properties (as defined in the Dismissal Motion) and the Haruvi Portfolio (as defined in the Dismissal Motion); and it is further

**ORDERED**, that the Debtor and the Member Objectants may file a supplemental brief in opposition to the Dismissal Motion and/or the Remand Motion on or before **September 11, 2026**; and it is further

**ORDERED**, that Michelle may file supplemental briefs in further support of the Dismissal Motion and/or the Remand Motion and in opposition to any supplemental briefing filed by the Debtor and/or the Member Objectants on or before **October 2, 2026**; and it is further

**ORDERED**, that in their respective supplemental briefs, the parties are directed to address the following issues, in addition to any other issues they wish to raise:

- Does the case law address whether it is bad faith for a corporate parent that itself has no meaningful debt to file for chapter 11 in order to facilitate the concurrently-filed chapter 11 cases of its financially distressed subsidiaries or affiliates?
- The Debtor has argued that its chapter 11 filing serves a proper reorganization purpose because it will facilitate a prompt resolution of the issues raised in Michelle's derivative suit. But is a bankruptcy filing by the Debtor necessary to that end? If the SPEs file for bankruptcy, couldn't they obtain a prompt resolution of those same issues by filing an adversary proceeding and/or an objection to Michelle's derivative claims in their bankruptcy cases? Moreover, is there any

colorable basis to dispute that, in an SPE bankruptcy, such a proceeding would be a core proceeding under 28 U.S.C. § 157(b)(2)? If not, wouldn't a prompt and final resolution of those issues be more certain in an SPE bankruptcy than in this case?

- Michelle has argued that the 2022 transaction improperly diluted her beneficial ownership of the seven properties transferred to the SPEs. But hasn't Justice Borrok found that that transaction did not dilute her beneficial ownership of these properties vis-à-vis the ownership shares of other family members, but instead merely resulted in a 4.5% reduction in the beneficial ownership of *each* family member by virtue of the sale of a 5% interest in Jade Venture Partners to PH Realty LLC? *See* ECF 13-6 at 2-7. Moreover, isn't this conclusion correct? In what way, if any, was Michelle harmed by the 2022 transaction?;

and it is further

**ORDERED**, that to the extent the Debtor and/or the Member Objectants object to the timeliness of Michelle's request for authorization to continue to prosecute the Debtor's causes of action in the Derivative Action (i.e., her failure to make that request in the Remand Motion, making it only in her reply papers), that objection is denied, given the supplemental briefing the Court has authorized and resulting lack of prejudice to the parties; and it is further

**ORDERED**, that pursuant to Section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby vacated as to the Injunction Action styled *Michelle Haruvi v. Peter Hungerford et al.*, Index No. 653903/2025, now pending before Commercial Division Justice Andrew Borrok in the State Court, and any appeals in the Injunction Action, including, without limitation, any motion and/or appeal pending in the Appellate Division, First Department, and accordingly, the automatic stay shall not bar any further proceedings in the Injunction Action or any appeals therefrom; and

it is further

**ORDERED**, that discovery in the Derivative Action may proceed, pending further order of this Court, notwithstanding the pending Dismissal Motion and Remand Motion; and it is further

**ORDERED**, that the Court expects all parties to comply promptly with all pending discovery obligations in the Derivative Action, pursuant to pending document production and deposition notices and consistent with Justice Borrok's orders, and to the extent any party fails to do so, the Court may find such failure relevant to Michelle's argument, in the Dismissal Motion, that this bankruptcy was filed in bad faith; and it is further

**ORDERED** that, pending a determination of the Dismissal Motion and the Remand Motion, the Debtor shall not file any substantive motion in the Debtor's bankruptcy case, nor shall the debtor in the subsequent bankruptcy case of any SPE file any substantive motion in its bankruptcy case, absent leave of the Court based on a showing of cause, except that the Debtor and any SPE debtor may file a motion seeking to extend exclusivity and/or other motions relating to case administration, and Michelle reserves her rights to object to any such motions; and it is further

**ORDERED**, that the hearing to consider the Dismissal Motion and the Remand Motion is hereby continued to **October 15, 2026 at 2:00 p.m.**; and it is further

**ORDERED**, that the Clerk shall docket this Order in both (i) the Debtor's main Chapter 11 case (Case No. 26-11409 (PB)) and (ii) the Derivative Action (Adv. Pro. No. 26-01059 (PB)).

Dated: New York, New York
August 30, 2026

/s/ Philip Bentley
Hon. Philip Bentley
United States Bankruptcy Judge